BRIGHTON CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24721.   Promulgated June 7, 1929.

*Lawrence P. Mattingly, Esq.*, for the petitioner.
*Harold Allen, Esq.*, and *W. R. Lansford, Esq.*, for the respondent.

946

OPINION.

Smith: The petitioner contends that it sustained a net loss in the year 1922 which it is entitled to deduct from its net income for the year 1923. The pertinent part of the statute is section 204(b) of the Revenue Act of 1921, which reads as follows:

If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

The petitioner's claim for the deduction of this loss in the year 1923 rests upon the hypothesis that it was the same taxpayer, within the meaning of section 204(b) above quoted, that sustained the net loss in the preceding year. The facts before us do not support this premise. Both the Betts Machine Co. and the Ingle Machine Co. were liquidated and ceased operations entirely before the end of the year 1922. Their assets were sold to another corporation and the proceeds distributed to the stockholders. The evidence does not disclose who the stockholders were or any of the details of the liquidation. The balance sheets of the companies for the year 1922, submitted in evidence by the respondent, indicate that the petitioner did not own any substantial majority of the capital stock of the

other companies. The respondent's final audit of the consolidated return for the year 1922 discloses a net gain in that year for the petitioner and net losses for each of the affiliated companies in excess of the petitioner's net gain.

Clearly the net loss allowable as a deduction in a subsequent year is available only to the taxpayer who sustained the net loss in the prior year. The petitioner here has failed to show that it was the same taxpayer in the year 1923 that sustained the net loss in the year 1922.

*Judgment will be entered for the respondent.*